UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 88-2406-CIV-MORENO

MICHAEL POTTINGER, PETER CARTER, and
BERRY YOUNG,

    Plaintiffs,

vs.

CITY OF MIAMI,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS

THIS CAUSE came before the Court upon the Plaintiffs' Verified Motion for Attorneys' Fees and Costs **(D.E. No. 553)**, filed on **May 9, 2014**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. On March 10, 2014, this Court granted the parties' Joint Motion to Approve Settlement. The parties had reached agreement on modifications to the 1998 class action settlement and the Court approved the Addendum to the Settlement Agreement. Now, the Plaintiffs request attorney's fees and costs in the amount of $485,086.30. The Court agrees with the City that Plaintiffs have waived any request for attorney's fees under ¶ 25 of the Agreement and Plaintiffs are not prevailing parties with respect to the City's motion for modification.

Paragraph 25 of the *Pottinger* settlement reads as follows:

IX. Attorney Fees

25. The underlying litigation has spanned nearly ten years, during which there were two trials and numerous other hearings before the district court, two appeals including two oral arguments before the Court of Appeals for the Eleventh Circuit, as well as extensive court-ordered negotiations and mediation between the parties spanning eighteen months, all requiring substantial commitments of time and professional services on the part of more than ten attorneys for the plaintiffs over this period of time. In light of the foregoing and considering similar payments of attorney's fees to plaintiffs' counsel in other civil rights cases, the City shall pay to the Plaintiffs' attorneys the sum of $900,000 as and for attorney's fees and costs, without any admission of liability to pay such fees, but rather, as part of the comprehensive settlement to be adopted through the implementation of this Settlement Agreement. Additionally, said payment is made to conclude all claims for attorneys fees in the underlying litigation, including pending appeals, and in regard to all other matters connected with this Settlement Agreement, except enforcement proceedings, should such become necessary after non-binding mediation as provided for below.

The Court must give paragraph 25 its plain meaning. *See Norfolk Southern Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004) (holding that where the plain meaning of an agreement is clear, the court may not go beyond the four corners of the document to look for additional evidence of the drafters' intentions). Unequivocally, the parties stated the payment was made to conclude "all other matters connected with this Settlement Agreement, except enforcement proceedings." ¶ 25, Settlement Agreement. It cannot be said that paragraph 25 only addresses proceedings that occurred in the past, as it specifically exempts future enforcement proceedings. That being said, the only exception is for enforcement proceedings, not for modification of the Settlement Agreement, which is what was before the Court on the City's motion. It also does not

exclude proceedings to defend the agreement from its purview. Accordingly, the Court finds the language precludes a claim for fees generated by Plaintiffs' opposition to the City's request for modification. Also significant is that the Addendum to the Settlement, approved by the Court on March 10, 2014, did not provide for an additional fee for Plaintiffs.

Moreover, the Court agrees with the City of Miami that Plaintiffs are not a prevailing party at this juncture in the litigation. Plaintiffs argue they are entitled to prevailing party status based on the prior litigation. *Binta v. Gordon*, 710 F.3d 608, 625 (6th Cir. 2013) (holding that once a plaintiff is judicially determined by a consent decree to be a prevailing party, the prevailing party status can carry over to subsequent litigation). The prevailing party may recover fees for work necessary to enforce or defend the prior decree. *Id.* Here, the terms of paragraph 25, excluding only enforcement proceedings (i.e. not defense proceedings), preclude the Court from finding prevailing party status carries forward to these proceedings.

The Court also cannot characterize Plaintiffs as prevailing parties on the City's motion for modification because they settled short of a Court ruling on the motion. Having found Plaintiffs waived any claim to attorneys' fees and that they are not prevailing parties in this modification proceeding, the Court denies their motion requesting fees.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-3-